IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD STEPPE,

    Petitioner,                      No. CIV S-07-0976 MCE DAD P

    vs.

ARNOLD SCHWARZENEGGER,        ORDER AND

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, currently confined at the San Bernardino County Jail, commenced this action on May 24, 2007, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.  Petitioner has also filed two motions to amend his petition together with a proposed amended petition.

        In both his original and amended petitions, petitioner alleges that he has been charged with murder and attempted murder and is awaiting trial in San Bernardino County.  Petitioner's allegations are confusing and difficult to decipher.  It appears that he seeks to represent a class of all persons being held by the State of California for murder and attempted murder as a result of the charging by information process used by district attorneys in California and to challenge California Penal Code § 187 as failing to provide adequate notice of the conduct prohibited thereby.  Petitioner also apparently wishes to challenge the fact that his trial will be

1

1 presided over by the Superior Court Judge who must face election.  Finally, petitioner seeks an
2 order from the court requiring the governor to release members of the proposed class.

3       When a state prisoner challenges the legality of his custody and the relief he seeks
4 is the determination of his entitlement to an earlier or immediate release, his sole federal remedy
5 is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Before a prisoner
6 may bring a federal habeas corpus action, however, he must present his federal claims to the
7 highest state court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d
8 1083, 1086 (9th Cir. 1986).  The exhaustion of state court remedies is a prerequisite to the
9 granting of a federal petition for writ of habeas corpus, and exhaustion cannot be waived except
10 by explicit waiver of respondent's counsel.  28 U.S.C. § 2254(b).[1]  A waiver of exhaustion may
11 not be implied or inferred.

12       The petitioner in this case has not been convicted in state court, has not presented
13 any claims to the California Supreme Court, and has not exhausted state court remedies with
14 respect to any claim arising from his confinement.  This action should therefore be summarily
15 dismissed as premature.  If petitioner is subsequently convicted of a criminal offense in state
16 court, he must exhaust state court remedies on all federal claims arising from his conviction
17 before he files a new petition seeking federal habeas relief.[2]

18       Petitioner is also informed that the petition in any subsequent federal habeas
19 action must name as respondent the commander of the jail or the warden of the prison in which
20 petitioner is confined.  See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

[2] The habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period starts to run on the date on which the petitioner's state court judgment became final by the conclusion of direct review or by the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  See 28 U.S.C. § 2244(d).

1994) (per curiam) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition."). Governor Schwarzenegger is not the proper respondent in a federal habeas action. Failure to name the proper respondent may deprive the court of jurisdiction over the action. Id. (citing Stanley, 21 F.3d at 360).

        Petitioner is further informed that, pursuant to 28 U.S.C. § 2241(d), courts in both the district of conviction and the district of confinement have concurrent jurisdiction over applications for habeas corpus filed by state prisoners in federal court. If petitioner is convicted and confined in San Bernardino County, the United States District Court for the Central District will have jurisdiction to entertain the application.

        In accordance with the above, IT IS HEREBY ORDERED that petitioner's June 20, 2007 and July 11, 2007 motions to amend will be disregarded; and

        IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice as premature.

        These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. A document containing objections should be titled "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 9, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
step0976.103