IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD STEPPE,

     Petitioner,                   No. CIV S 07-0976 MCE DAD P

    vs.

ARNOLD SCHWARZENEGGER,

     Respondent.               ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 27, 2007, judgment was entered in this court denying the petition. On January 31, 2008, petitioner filed a notice of appeal. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R .App. P. 22(b). Federal Rule of Appellate Procedure 22(b) requires the district court judge who rendered a judgment denying such petition to "either issue a certificate of probable cause or state the reasons why such a certificate should not issue."

        The timely filing of a notice of appeal is a jurisdictional requirement. Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984). Here, the time limit for filing a notice of appeal following entry of judgment is thirty days. See Fed. R. App. P. 4(a). Petitioner's notice of appeal in this action was filed more than thirty days after entry of judgment.

The United States Court of Appeals for the Ninth Circuit has held that the issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if jurisdiction is not proper in that court. Hayward v. Britt, 572 F.2d 1324, 1325 (9th Cir. 1978). The rationale of Hayward applies with equal force to a certificate of appealability. For these reasons, the court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: March 20, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE